IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN LISCHEFSKI,

      Plaintiff,                    No. CIV S-05-0271 FCD JFM P

    vs.

LT. SWEIGERT, et al.,

      Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his constitutional rights were violated in connection with prison disciplinary and classification proceedings and by deliberate indifference to his safety. This matter is before the court on defendants' motion to dismiss pursuant to the unenumerated portion of Fed. R. Civ. P. 12(b) due to plaintiff's failure to exhaust administrative remedies prior to suit. On November 16, 2005, plaintiff received the notice required by Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003) with respect to the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

        "Section 1997e(a) of Title 42 of the United States Code provides:

    No action shall be brought with respect to prison conditions under
    [42 U.S.C. § 1983], or any other Federal law, by a prisoner

/////

1

> confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)."

McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). In McKinney, the court of appeals held that exhaustion must precede the filing of the complaint and that compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. Id.

The administrative grievance procedure for inmates in the California Department of Corrections ("CDC") has four levels: (1) informal complaint; (2) first formal appeal to an appeals coordinator; (3) second formal appeal to the institution head, regional parole administrator, or their designee; and (4) third level appeal to a designated representative of the director under supervision of the chief, inmate appeals. 15 Cal.Code. Reg. § 3084.5. The timelines for responding to inmate appeals at each level of review are as follows: (1) ten working days at the informal level; (2) thirty working days at the first formal level; (2) twenty working days at the second formal level or thirty days at that level if the first level of review is waived; and (4) sixty days at the third and final level of administrative review. 15 Cal. Code Reg. § 3084.6.

The claims at bar arise from events that allegedly occurred at California Medical Facility (CMF) in January and February 2005. (See Amended Complaint, filed July 25, 2005, at 4-8.) Specifically, plaintiff alleges that his constitutional rights were violated in connection with his placement in administrative segregation from January 26, 2005 to February 10, 2005, and a hearing held on February 2, 2005. The original complaint in this action was filed on February 10, 2005.[1]

Plaintiff signed his complaint only one week after the placement in administrative segregation and two days after the hearing complained of herein. It is plain from the record

---

[1] The proof of service appended to the original complaint shows that it was delivered to prison officials for mailing on February 4, 2005.

2

before this court that plaintiff filed this action before he had exhausted administrative remedies. Moreover, the failure to exhaust administrative remedies prior to suit cannot be cured during the pendency of an action. See McKinney, supra. For these reasons, this action should be dismissed without prejudice.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' February 9, 2006 motion to dismiss be granted; and

2. This action be dismissed without prejudice due to plaintiff's failure to exhaust administrative remedies prior to suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 6, 2006.

UNITED STATES MAGISTRATE JUDGE

12
lisc0271.mtd